**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHARON MARIE PLAIN,
Plaintiff-Appellant,

v.

SEARS ROEBUCK AND COMPANY;
SEARS STORE 2755,
Defendants-Appellees.

No. 96-1486

Appeal from the United States District Court for the
Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-95-185-7-F)

Argued: September 29, 1997

Decided: December 15, 1997

Before RUSSELL, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Allen Parks, THE PARKS LAW OFFICES, Jack-
sonville, North Carolina, for Appellant. James Bernard Spears, Jr.,
HAYNSWORTH, BALDWIN, JOHNSON & GREAVES, P.A.,
Charlotte, North Carolina, for Appellees. **ON BRIEF:** Ruth E. Parks,
THE PARKS LAW OFFICES, Jacksonville, North Carolina, for
Appellant. Aaron M. Christensen, HAYNSWORTH, BALDWIN,
JOHNSON & GREAVES, P.A., Charlotte, North Carolina, for Appel-
lees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sharon Marie Plain appeals the district court's grant of summary judgment to Sears Roebuck and Company. We affirm.

I.

Plain began working for Sears in 1983 as a sales clerk. She was diagnosed with transverse myelitis in 1985 and pernicious anemia in 1988. In 1989, Sears promoted Plain from sales clerk to sales supervisor. Plain worked full-time as a sales supervisor until she was diagnosed with multiple sclerosis in November 1991. In 1992, Sears restructured and Plain became a sales coordinator. Although Plain attained the position of sales coordinator, she alleged that during her career with Sears, Sears systematically discriminated against her by failing to accommodate her disability in violation of the Americans With Disabilities Act of 1990 (ADA);[1] by failing to promote her because of her sex and her disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[2] and the ADA respectively; and by failing to prevent her co-workers from harassing her on the basis of her sex and disability.

Plain's complaint asserted the following events constituted the discrimination she experienced:

> (1) On March 2, 1992, her sales manager harassed her by making fun of her disability and allowed others to do likewise.

_____

[1] 42 U.S.C.A. §§ 12101-12213 (West Supp. 1995).

[2] 42 U.S.C.A. §§ 2000e-2000h-6 (West Supp. 1994).

(2) On August 10, 1993, another sales manager announced at a staff meeting that Plain would not be placed on a staff schedule due to her health and her doctor's recommendation.

(3) She was subjected to comments that she was the first woman to work in lawn and garden.

Plain last worked for Sears on January 5, 1994. Based on her physicians' reports that she was 100% disabled and her own admissions of being unable to do any work, the Social Security Administration determined Plain had been totally and permanently disabled since that date. Three months later, on March 30, 1994, the Sears sponsored Group Long Term Disability Insurance Plan (the "Plan") concluded Plain was eligible to receive long-term disability benefits under the Plan because she could neither perform her job nor any other job for which she was qualified based on her education, training, or experience. Plain received disability benefits from both sources. She continues to receive monthly Social Security disability income. Sears removed Plain from its payrolls in April 1995.

The district court granted summary judgment to Sears finding that Plain had failed to timely file her charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"); that she failed to challenge her alleged termination in any EEOC charge; and that she was not a qualified individual under the ADA. Plain appeals.

II.

Plain contends the district court erred in finding that she had failed to timely file a charge of discrimination with the EEOC against Sears. We review de novo a district court's order granting summary judgment.[3]

Pursuant to the ADA and Title VII, Plain cannot seek redress in district court for an employer's alleged violations of either act unless she filed a charge of discrimination with the EEOC"within 180 days after the alleged unlawful employment practice occurred."[4] According

---

[3] **Anderson v. Liberty Lobby, Inc.** , 477 U.S. 242 (1986).
[4] 42 U.S.C.A. § 2000e-5(e)1 (West Supp. 1994); and 42 U.S.C.A. § 12117(a) (West Supp. 1994) (ADA incorporating by reference Title VII's 180 day limit within which to file charges of discrimination).

to the record of evidence, Plain filed a charge of discrimination on February 13, 1995. Her charge alleged that Sears engaged in specific and non-specific instances of discriminatory conduct. The specific instances of discrimination allegedly occurred on March 2, 1992, and August 10, 1993. We hold her filing to be untimely as to both the specific and non-specific incidents of discrimination. Plain untimely filed her discrimination charge more than forty-seven months after the occurrence of the alleged first specific instance of discriminatory conduct, and more than eighteen months after the alleged occurrence of the second specific instance of discrimination. With respect to the nonspecific instances of discriminatory conduct alleged in the charge, they would have had to have occurred within the 180 days preceeding her February 13, 1995, filing date. But Plain last worked for Sears on January 5, 1994, therefore, her charge filed thirteen months later was untimely. Accordingly, we find no error in the district court's determination that Plain failed to timely file an administrative charge of discrimination.

III.

Having carefully reviewed the record, briefs, and contentions of the parties at oral argument, we hold Plain's remaining contentions to be without any merit. Accordingly, we can find no error in the order and judgment of the district court, and we, therefore, affirm the judgment below.

AFFIRMED

4